```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DIVISION
```

DON ROSS                                                    PLAINTIFF

          v.                  Civil No. 07-2115

JOHN M. SELIG, DIRECTOR OF
ARKANSAS DEPARTMENT OF HUMAN
SERVICES, both individually and
official capacity;  MR. BERNARD
PIGHEE, both in his individual
and official capacity;  MR.
BRECK HOPKINS, both in his
individual and official capacity;
MR. CHARLES MOORE, both in his
individual and official capacity;
MR. CHARLES HICKS, both in his
individual and official capacity;
MS. LISA MCGEHEE, both in her
personal and official capacity; and
as yet undiscovered JANE and JOHN
DOES, both in their individual and
official capacities                                         DEFENDANTS

# O R D E R

Now on this 4th day of June, 2008, come on for consideration the following motions:

    *   **Motion To Dismiss Of Separate Defendants** (Selig, Pighee, Moore and McGehee)(document #6);

    *   **Separate Defendant Breck Hopkins's Motion To Dismiss** (document #9); and

    *   **Separate Defendant Charles Hicks's Motion To Dismiss** (document #13),

and from said motions, and the response thereto, the Court finds and orders as follows:

1. Plaintiff's Complaint alleges that defendants deprived him of due process in connection with his termination from state employment, and that his termination violated Arkansas public policy. He seeks injunctive relief, compensatory and punitive damages, and costs and attorney's fees.

Defendants move to dismiss, each one contending that plaintiff was an employee at will and therefore had no protected property interest in his employment, and that the public policy exception to the Arkansas employment at will does not apply. From this they reason that both his due process claim and his wrongful termination claim are subject to dismissal under **F.R.C.P. 12(b)(6)**.

2. **Rule 12(b)(6)** allows a party to raise by motion the defense that a complaint fails to state a claim upon which relief can be granted. A complaint should be dismissed on this basis only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The allegations of the complaint are viewed in the light most favorable to the plaintiff in evaluating such a motion. "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." **Krentz v. Robertson Fire Protection District**, 228 F.3d 897, 905 (8th Cir. 2000).

3. The "insuperable bar to relief" relied upon by defendants is that plaintiff makes no allegations showing that he had a protected liberty or property interest in his employment, being an at-will employee under Arkansas law. Without that, there is no viable claim under the Due Process Clause of the United States Constitution. As the Eighth Circuit explained in **Johnson v. City of West Memphis**, 113 F.3d 842, 843 (8th Cir. 1997):

> [t]he Due Process Clause requires the government to provide an employee with procedural due process if the employee stands to lose a constitutionally protected property or liberty interest. For a property interest to exist, the public employee must have a legitimate claim of entitlement to continued employment. An employee's liberty interests are implicated when, in connection with the employee's discharge, a government official makes accusations that seriously damage the employee's standing in the community or foreclose other employment opportunities.

This principle was reiterated in **Thompson v. Adams**, 268 F.3d 609, 611 (8th Cir. 2001), which held that a plaintiff in circumstances similar to those of the plaintiff at bar "was protected by the due process guarantees of the fourteenth amendment only if he had 'a legitimate claim of entitlement' to his job."

This same "insuperable bar to relief" is said to justify dismissal of plaintiff's wrongful termination claim.

4. The question of whether a plaintiff in a due process claim has a legitimate entitlement to continued employment is resolved by the law of the state where he was employed. **Board of**

**Regents v. Roth**, **408 U.S. 564, 577 (1972)**. Under Arkansas law, which applies in this case, "[t]he general rule is that 'when the term of employment in a contract is left to the discretion of either party, or left indefinite, or terminable by either party, either party may put an end to the relationship at will and without cause'." **City of Huntington v. Mikles**, **96 Ark. App. 213, 240 S.W.3d 138 (2006)**. Arkansas does, however, recognize several exceptions to the at will doctrine.

While the Complaint does not specifically so allege, it appears from the briefs that plaintiff does not contend he had a contract for a definite term. He couches his arguments in terms of exceptions to the employment at will doctrine, including exceptions based on the existence of a policy manual and on public policy. The policy manual in question is not before the Court on this motion to dismiss, and the Court cannot say, beyond doubt, that plaintiff can prove no set of facts in support of his due process claim which would entitle him to relief. The same applies to his wrongful termination claim under state law. For this reason, the Court concludes that the motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss Of Separate Defendants** (Selig, Pighee, Moore and McGehee)(document #6) is **denied.**

**IT IS FURTHER ORDERED** that **Separate Defendant Breck Hopkins's Motion To Dismiss** (document #9) is **denied.**

**IT IS FURTHER ORDERED** that **Separate Defendant Charles Hicks's Motion To Dismiss** (document #13) is **denied.**

**IT IS SO ORDERED.**

    **/s/Jimm Lary Hendren**
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**